HERBERT LAW GROUP, LLC
John T. Herbert, Esq.
Attorney ID: 002291975
96 Engle Street
Englewood, New Jersey 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Division)

| | |
|---|---|
| ANN PRIZZI,<br><br>                    Plaintiff,<br>v.<br><br>CAPITOL SECURITIES MANAGEMENT, INC., XYZ CORP., ABC, INC., and JOHN/JANE DOES A THROUGH D,<br><br>                    Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

COMES NOW PLAINTIFF, ANN PRIZZI, by and through her attorneys, Herbert Law Group LLC, hereby files this Complaint and causes of action against DEFENDANTS CAPITOL SECURITIES MANAGEMENT, INC., and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Ann Prizzi is an adult, Caucasian female and a citizen of the United States of America and a resident of the State of New Jersey, who currently resides in the unincorporated community of Whippany, Township of Hanover, County of Morris.

2. Capitol Securities Management, Inc., (referred to herein as "Defendant") at all times herein mentioned is a corporation organized and existing under the laws of the

Commonwealth of Virginia and State of New Jersey. It has its corporate headquarters at 100 Concourse Boulevard, Suite 101, Glen Allen, Virginia 23059 and does business in New Jersey at 25 Hanover Road, Building A, Suite 100, Florham Park, New Jersey 07932

3. At all times pertinent to this Complaint, Plaintiff was an "employee" of Defendant and worked primarily at their facility located at 25 Hanover Road, Building A, Suite 100, Florham Park, New Jersey 07932, County of Morris, within the meaning of Title VII of the Civil Rights Act of 1964 and Section 10:5-5(5) (f) of the New Jersey Law Against Discrimination ("LAD").

4. Plaintiff was hired in or around June 1, 2007, as a 1st Vice President Financial Advisor.

5. Plaintiff was employed with Defendant as a Branch Office Manager until her resignation on or about August 23, 2019.

6. Defendant is engaged in the business of financial services within the State of New Jersey.

7. At all times relevant to this lawsuit, Defendant was and is a "person" and an "employer" within the meaning of 29 U.S.C. Sections 630(a) and (b) and Sections 10:55(5)(a) and (b) of the LAD.

8. At all times relevant to this lawsuit, Plaintiff was a regular full-time employee of Defendant.

9. Defendants XYZ Corp. and ABC, Inc. are fictitious names; Plaintiff hereby reserves her right to amend the Complaint as a result of pleading fictious parties. XYZ Corp. and ABC, Inc. are entities that may have discriminated against Plaintiff, but they are as yet unknown.

10. Defendants John and Jane Does A-D are fictitious names; Plaintiff hereby reserves her is right to amend the Complaint as a result of pleading fictious parties. John and Jane Does A-D are individuals that may have discriminated against Plaintiff, but they are as yet unknown.

## JURISDICTION AND VENEU

11. Because Plaintiff asserts gender discrimination arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("Equal Pay Act"), this Court has jurisdiction over this controversy, the authority to empanel a jury to decide its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found. Title 28 U.S.C. Section 1367(a) grants this Court jurisdiction to adjudicate Plaintiff's claims arising under the LAD. Plaintiff hereby requests that the Court so assert this jurisdiction.

12. This Court has personal jurisdiction over Defendants because Defendants own and operate a business within the State of New Jersey.

13. Pursuant to 28 U.S.C. Section 1391(b) (2) and LAD, venue is proper in this Court because all and/or a substantial portion of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## PROCEDURAL HISTORY

14. On or about June 12, 2020, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Charge ("Charge") and submitted it to the Director of the New Jersey District Office of the EEOC.

15. The Charge alleged gender discrimination.

16. On or about August 27, 2020, the EEOC issued a Right to Sue Notice.

Case 2:20-cv-16717-KM-ESK   Document 1   Filed 11/20/20   Page 4 of 9 PageID: 4

17. Plaintiff has filed this action within ninety (90) days of her receipt of the Right to Sue Notice from the EEOC.

## STATEMENT OF FACTS

18. Plaintiff is a 57-year-old Caucasian female.

19. Plaintiff had been employed with Defendants for approximately twelve (12) years and two (2) months, from June 2007 until August 2019.

20. On or about August 23, 2019, Plaintiff resigned from Defendant's employment.

21. In accordance with the long-standing policy and practice applied to male employees and based on the representation made by William Washington, Managing Director for Defendant, Defendant was not to contact Plaintiff's clients/accounts for sixty (60) days from the date her employment ended, whether she was terminated or resigned. In addition, on or about August 22, 2019, Joseph A. Jianos, Corporate Executive Officer for Defendant, advised Plaintiff that Defendant employees would not contact her clients.

22. Pursuant to Defendant's verbal assurances and implied contract, based on Defendant's more than decade-long business practices, Defendant was not to contact Plaintiff's clients/accounts for sixty (60) days from the date her employment ended, whether she was terminated or resigned.

23. Plaintiff has first-hand knowledge about how the policy and practice was applied because until she resigned in August 2019, she was responsible for monitoring accounts of departing employees to ensure that their clients/accounts were not contacted for sixty (60) days.

24. Plaintiff was advised by her clients that Defendant had contacted them immediately upon her departure and that a letter had been sent to her clients/accounts that stated

4

the Financial Industry Regulatory Authority ("FINRA") regulations required Defendant to contact them.

25. Julie Sterling, another woman who resigned from Defendant's employ, was also treated discriminatorily when her clients/accounts were contacted immediately after her departure.

26. During all her years of employment with Defendant, this was not the protocol that was followed, especially when male colleagues were no longer employed by Defendant; for example, John Walsh, Richard Callaghan and Greg Prochel all resigned from Defendant's employ. In those instances, Defendant followed the proper procedure of the years long business practice, a benefit which was not afforded to Plaintiff.

27. In addition, Plaintiff owned company stock which she received as a matching contribution to her 401k account. This is an illiquid private stock which Plaintiff has been unable to sell because the attorney for Defendant who handles the stock purchases has failed to respond to Plaintiff's repeated inquiries. This is yet another example of Defendant's discriminatory/differential treatment of former female employees as compared to their treatment of similarly situated male counterparts.

<u>**COUNT ONE**</u>

<u>**GENDER DISCRIMINATION IN VIOLATION OF**
**TITLE VII of the CIVIL RIGHTS ACT OF 1964, THE EQUAL PAY ACT of 1963 AND**
**THE NEW JERSEY LAW AGAINST DISCRIMINATION**</u>

28. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-27 as though fully set forth herein.

29. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her gender in violation of Title VII, the LAD, and the Equal Pay Act.

30. Defendant consistently treated male employees more favorably than women generally and Plaintiff specifically. For example, John Walsh, Richard Callaghan and Greg Prochel all resigned from Defendant's employ. In those instances, Defendant followed the proper procedure of the years long business practice and did not contact their clients/accounts for sixty (60) days from the date their employment ended, a benefit which was not afforded to Plaintiff.

31. As a direct and proximate result of Defendant's extreme, outrageous, malicious, willful and reckless conduct, Plaintiff has suffered monetary loss, emotional distress, pain and anguish.

## COUNT TWO

## BREACH OF ORAL AGREEMENT OR IMPLIED CONTRACT

32. Plaintiff repeats and re-alleges that allegations set forth in Paragraphs 1-31 as though fully set forth herein.

33. Pursuant to Defendant's verbal assurances and implied contract, and based on Defendant's decade-long business practices, Defendant was not to contact Plaintiff's clients/accounts for sixty (60) days from the date her employment ended, whether she was terminated or resigned.

34. Upon Plaintiff's resignation, Defendant immediately contacted her clients and sent out letters, which advised Plaintiff's clients that FINRA regulations required Defendant contact them.

35. It is Plaintiff's belief that Joseph A. Jianos, Corporate Executive Officer for Defendant, was the individual who instructed employees of Defendant to contact Plaintiff's clients.

36. Plaintiff is unaware of changes in FINRA regulations from the date the last male left Defendant's employ to the date Plaintiff's resignation became effective that would justify Defendant's discriminatory, preferential treatment of women generally and Plaintiff specifically.

37. In breaching the oral agreement or implied contract, Defendant has caused Plaintiff to suffer substantial economic losses.

## COUNT THREE

## UNJUST ENRICHMENT

38. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-37 as though fully set forth herein.

39. Plaintiff owned company stock, which was a matching contribution to her 401k account. This is an illiquid private stock which Plaintiff has been unable to sell because the attorney for Defendant who handles the stock purchases has failed to respond to Plaintiff's repeated inquiries.

40. Defendant has failed to pay Plaintiff all monies owed to her and continues to control assets owned by Plaintiff. This unethical conduct has allowed Defendant to retain possession of approximately $20,000.00 belonging to Plaintiff from on or about August 23, 2019 to present.

## **COMPENSATORY DAMAGES AND RELIEF REQUESTED**

40. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-39 as though fully set forth herein.

41. All of Defendant's acts of unlawful discrimination against Plaintiff were intentional, willful and in reckless disregard of Plaintiff's legal rights and legitimate interests as a Citizen of the United States and of the State of New Jersey and as a person who is entitled to the protections of their laws.

42. The effect of Defendant's unlawful gender discrimination and breach of implied contract deprived Plaintiff of equal employment opportunities and otherwise adversely affected her life and professional status.

43. As a direct result of Defendant's willful, wrongful, and unlawful acts in discriminating against Plaintiff on the basis of her gender, the breach of implied contract and unjust enrichment, Plaintiff has suffered severe emotional distress, depression, humiliation, embarrassment, and impaired self-esteem, and has sustained loss of various fringe benefits, and the diminution of her future earning power.

44. All of Defendant's unlawful acts committed against Plaintiff (that is, all harm inflicted on Plaintiff through malice rather than through negligence) were intentional, hostile, egregious, extreme, and outrageous, and were committed with malicious, willful, and/or reckless indifference to Plaintiffs rights under federal and state law.

45. As a direct and proximate result of the extreme, outrageous, intentional, hostile, malicious, willful, and reckless conduct of Defendant, Plaintiff has suffered severe emotional pain, distress, and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant the following relief:

    A.    Order Defendant to compensate Plaintiff for her damages in an amount to be proven at trial, and that such relief entail all forms, legal or equitable, recoverable under Title VII, the LAD and the Equal Pay Act, including, but not limited to: front pay with prejudgment interest in amount to be determined at trial, back pay, compensation for lost benefits and seniority, emotional distress, pain, suffering, and humiliation, attorneys' fees, expert witness fees, if applicable, and the costs of bringing this action, together with any applicable pre- and post-judgment interest.

    B.    Order Defendant to compensate Plaintiff for punitive damages.

    C.    Grant other such relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

Respectfully submitted,

*/s/John T. Herbert*                                                                 November 20, 2020

_____                    _____
John T. Herbert, Esq.                                                                Date
Attorneys for Plaintiff